## Case No. 9,422.

### In re MENDENHALL.

[See Case No. 9,424.]

---

## Case No. 9,423.

### In re MENDENHALL.

[9 N. B. R. 285.][1]

District Court, D. Minnesota. Feb., 1874.

BANKRUPTCY—PRODUCTION OF BOOKS AND PAPERS —WHEN ORDERED—PLENARY POWER.

1. The district court will order the production of books and papers at the summary hearing on the return day of the order to show cause.

[Cited in Re California Pac. R. Co., Case No. 2,315.]

2. The fifteenth section of the judiciary act of 1789 [1 Stat. 82] is applicable to such cases; if not, the general scope of the bankrupt law gives plenary power.

[Cited in Re California Pac. R. Co., Case No. 2,315.]

Pending the trial of the issues made by the pleadings in the above case, which had been referred to a commissioner to take the testimony and report. the creditor, by petition to the court properly verified and supported by the affidavit of one of his solicitors, sets forth, among other things, that the "State Savings Association" is only an assumed name in which the debtor, Mendenhall, transacted business, and that the latter and the Savings Association are one and the same; and, also, that about January 1st, 1871, the Savings Association, so-called, became the entire and exclusive property of the said Mendenhall, by an agreement between him and R. J. Baldwin, at that time the only owners of the same; and that the books of the said Mendenhall and the State Savings Association are material testimony upon the issue of indebtedness charged in the petition. It is also stated that notice was served upon Mendenhall or his solicitors to produce the books, and that they had failed to do so.

On this petition and affidavit, the creditor obtained an order upon the debtor to show cause why he should not produce the books as described therein. In response thereto the debtor presents an affidavit setting forth that he is willing to produce any papers and books belonging to him relating to any matters between him and said petitioner, and is now willing so to do; that he has no books, papers or documents of any kind whatsoever relating to any matters or dealings between him and said petitioner, and never has had; and that he has never had any dealings whatever with said petitioner. And, further, that the said State Savings Association and himself are not one, and that he has not the exclusive control nor custody of the books of said association, and never has had; that said association is a corporation under the laws of the state of Minnesota, and that his only right of control and possession of any

of the books or other property of said association is such as results from his being one of the corporators, and one of its officers, and that he has never done his private business in the name of said association, nor ever assumed to use that name in and about his individual business, and that the books of said association are not even in his control or possession, officially or otherwise. An affidavit of the debtors' solicitors is also presented, denying that any paper or notice demanding the production of books had been served upon them or either of them.

Beebe & Shaw, Cornell & Bradley, and C. H. Benton, for debtor.

J. Y. Page and Morrison & Cooley, for creditor.

NELSON, District Judge. The act of congress (1 Stat. 82, § 15), in substance, provides, that the courts of the United States in trial of actions at law, on motion and due notice thereof being given, shall have authority to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same in chancery. There is also authority to grant final judgment upon the issue involved in the trial, or a judgment of non suit in case the order for their production is disobeyed. This statutory provision is peculiarly stringent, and when a court is asked to enforce it, a plain case must be presented for its interposition. There is no limitation in regard to the kind of actions at law which must be on trial in order to entitle either party to the benefit of the statute, and the objection urged by the debtor's solicitor, that this is a bankruptcy proceeding, and, therefore, not within its purview, I think not tenable. The only qualification is, that the right must be such as a court of equity would sustain on a bill of discovery; if so, then the summary method provided in the statute is a substitute for the bill.

Now, while I am satisfied that the petition seeks to have the books produced for some purposes not pertinent to the issue on trial, and on that account irrelevant, still I think an examination of the testimony already introduced shows that the books of the Savings Association do contain an account with the petitioning creditor, as represented by his pass book introduced in evidence, which purports to be a statement of such account, and that it is in the power of the debtor to produce the books. If, in addition to this, it is conceded that the testimony would establish the further fact that the debtor is the sole owner of the corporate rights, claimed by virtue of the articles of association, then, irrespective of any question as to whether such an association is a corporation or not, the petitioner would be entitled, as a matter of right, to the benefit of an examination of all papers and books so far as they may relate to any business trans-

---

[1] [Reprinted by permission.]

action between himself and the association, and also so far as they may corroborate the witnesses in regard to any admission of Mendenhall that he was about to manage the business of the association so that he would be solely and individually responsible.

It is undisputed that there is testimony already in the case tending to establish the fact that the affairs of this association were under his sole and exclusive management, and the books and other papers are, therefore, certainly competent and proper evidence. I think a prima facie case of the materiality of these books has been made out, as the testimony now stands, and that a bill of discovery, according to the rules of equity, would be allowed.

I have thus far placed the authority to act upon the fifteenth section of the judiciary act. If incorrect in this position, I think the general scope of the bankrupt law would give plenary power to this court to compel the examination of all papers and books of the debtor, or in his possession, if pertinent to the issue, and required for the protection of the rights and interest of the petitioning creditor. The proceedings at this time seem to require the exercise by the court of this power, and I grant the order asked for.

Inasmuch as the testimony in the case is nearly closed, I will accede to the request of the debtor's solicitor and hear the case upon the evidence already taken by the commissioner and reported, and such other as may be introduced before me in connection with the books and papers, when produced. The order nisi is made absolute, and the books, &c., will be produced before me at my chambers, in St. Paul, on March 2, 1874, at 11 a. m.

[This case was subsequently heard upon motion to dismiss proceedings, which motion was denied. Case No. 9,424. Again upon the petition of a creditor to be substituted in the proceedings for the original petitioner. Motion granted. Id. 9,425.]